UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
**CYNTHIA WALLACE**            )        **CIVIL ACTION**
    **Plaintiff**                  )
                                                )
**v.**                                          )
                                                )        **JURY TRIAL DEMANDED**
**FOCUS RECEIVABLES MANAGEMENT, LLC** )
    **Defendant**                )
_____)        **AUGUST 10, 2011**


## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Cynthia Wallace, is a natural person residing in Hartford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, Focus Receivables Management, LLC ("Focus"), is a Georgia corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

5. This Court has jurisdiction over Focus because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. Focus began contacting Plaintiff in an attempt to collect from a consumer debt that was claimed against her (the "Account").

8. In or around the beginning of February 2011, a Focus representative named Heather began calling Plaintiff in an attempt to collect the Account.

9. During one of those conversations, Plaintiff suggested that she could pay $30 per month on the account.

10. Heather said that she would need to check to see if that would be an acceptable amount to pay, and she or her supervisor asked Plaintiff to provide her bank account information.

11. During a later conversation, Heather requested authorization to settle the account for $1,200, and she requested authorization to withdraw that amount from her account.

12. Plaintiff responded that she could not afford that payment and that she did not have that amount in her account.

13. Heather told Plaintiff that she had until February 25, 2011 to provide Focus with that authorization.

14. Approximately the same time as that call, Plaintiff a collection letter from Focus that was sent in an attempt to collect the Account, and in that letter, Focus threatened to sue Plaintiff if she failed to pay the Account within thirty days of the date of that letter.

15. Upon information and belief, Focus does not file lawsuits in Connecticut.

16. Plaintiff did not call Focus back by February 25th; notwithstanding, on February 25, 2011, Focus attempted to withdraw $1,200 from Plaintiff's bank account, and as a result of that unauthorized withdrawal, Plaintiff incurred an overdraft fee from her bank.

17. Upon learning that Focus had attempted to withdraw money from her bank account without her authorization, Plaintiff called Focus and spoke with Heather, and during that conversation, Plaintiff complained to her that Focus had caused her bank account to overdraft, and Heather responded by falsely claiming that Plaintiff had provided Focus with the authorization to withdraw funds from Plaintiff's bank account.

18. Many of Focus's calls to Plaintiff were made to Plaintiff's cell phone through the use of an automatic dialer and consisted of prerecorded messages.

19. Focus violated the FDCPA, the TCPA, and CUTPA.

WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress related damages) and statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; damages under 47 U.S.C. 227(b)(3); and such other relief as this Court deems appropriate.

PLAINTIFF, CYNTHIA WALLACE

By: /s/Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457